**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 112316

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Michael Colon and Bernabe L. Andres, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Northstar Location Services, LLC,<br><br>Defendant. | Docket No: 2:17-cv-02025-JFB-SIL<br><br>**FIRST AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Michael Colon and Bernabe L. Andres, individually and on behalf of all others similarly situated,(hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Northstar Location Services, LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## **PARTIES**

5. Plaintiff Michael Colon is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff Bernabe L. Andres is an individual who is a citizen of the State of New York residing in Nassau County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Northstar Location Services, LLC, is a New York Limited Liability Company with a principal place of business in ERIE County, New York.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## **ALLEGATIONS**

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Colon, Defendant contacted Plaintiff Colon by letter ("the Letter") dated April 6, 2016. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Andres, Defendant contacted Plaintiff Andres by letter ("the Letter") dated June 6, 2016. ("**Exhibit 1**.")

17. The Letter was the initial communication Plaintiff Colon received from Defendant.

18. The Letter was the initial communication Plaintiff Andres received from Defendant.

19. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692g
## Failure to Adequately Convey the Amount of the Debt

20. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

21. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

22. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

23. The question of whether a written notice adequately provides "the amount of the debt" is determined from the perspective of the "least sophisticated consumer."

24. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount she owes at the time of the notice.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what she will need to pay to resolve the debt at any given moment in the future.

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

30. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt," violative of 15 U.S.C. § 1692g(a)(1).

31. Even if a debt collector accurately conveys the foregoing information, the written notice nevertheless violates 15 U.S.C. § 1692g(a)(1) if the least sophisticated consumer could inaccurately interpret the message.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

32. The Debts were incurred on Rewards Mastercard credit cards underwritten by Barclays Bank Delaware.

33. At all relevant times herein, the Debts accrued, and was subject to, interest.

34. At all relevant times herein, the Debts accrued, and was subject to, late fees.

35. Pursuant to the terms and conditions of the Rewards Mastercard credit cards underwritten by Barclays Bank Delaware, at all relevant times herein, the Debts accrued, and was subject to, interest.

36. Pursuant to the terms and conditions of the Rewards Mastercard credit cards underwritten by Barclays Bank Delaware, at all relevant times herein, the Debts accrued, and was subject to, late fees.

37. The Letters set forth a "Balance."

38. The Letters fail to state what part of the amount stated is principal.

39. The Letters fail to state what part of the amount stated is interest.

40. The Letters fail to state what part of the amount stated is late fees.

41. The Letters fail to disclose whether the amount stated may increase due to additional interest.

42. The Letters fail to disclose whether the amount stated may increase due to additional late fees.

43. The Letters fail to indicate whether payment of the amount stated would satisfy the debt.

44. The Letters fail to indicate whether payment of the amount stated by any date certain would satisfy the debt.

45. The Letters fail to indicate the minimum amount Plaintiffs owed at the time of the Letters.

46. The Letters fail to provide any information that would allow Plaintiffs to determine what Plaintiffs will need to pay to resolve the debt at any given moment in the future.

47. The Letters fail to include any "safe harbor" language concerning the accrual of interest.

48. The Letters fail to include any "safe harbor" language concerning the accrual of late fees.

49. The Letters, because of the aforementioned failures, would render the least

sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

50. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

51. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

52. The Letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

53. The least sophisticated consumer, because of the aforementioned failures, could reasonably believe that the debt could be satisfied by remitting the amount stated at any time after receipt of the Letter.

54. The least sophisticated consumer, because of the aforementioned failures, could also reasonably believe that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest.

55. The least sophisticated consumer, because of the aforementioned failures, could also reasonably believe that the amount stated was accurate only on the date of the Letter because of the continued accumulation of late fees.

56. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the applicable interest rate.

57. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the date of accrual of interest.

58. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of interest during any measurable period.

59. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable to consumer to determine what she will need to pay to resolve on any date after the date of the Letter.

60. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable to

consumer to determine what she will need to pay to resolve the debt in the future.

61. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the amount of late fees.

62. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to indicate the date such fees will be added.

63. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide the amount of late fees during any measurable period.

64. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable to consumer to determine what she will need to pay to resolve on any date after the date of the Letter.

65. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fails to provide any information that would enable to consumer to determine what she will need to pay to resolve the debt in the future.

66. The failure to include the foregoing information could lead the least sophisticated consumer to inaccurately interpret the message.

67. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, incomplete.

68. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, insufficient.

69. The failure to include the foregoing information renders the Letter's statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

70. For these reasons, Defendant violated 15 U.S.C. § 1692g(a)(1).

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

71. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

72. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73. While § 1692e specifically prohibits certain practices, the list is non-exhaustive,

6

and does not preclude a claim of falsity or deception based on any non-enumerated practice.

74. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

75. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

76. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

77. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

78. The amount of the debt is a material piece of information to a consumer.

79. Knowing the amount of the debt affects how a consumer responds to a debt collector's attempts to collect the debt.

80. As previously alleged, the least sophisticated consumer could reasonably read the Letters to mean that the amount stated was static.

81. As previously alleged, the least sophisticated consumer could also reasonably read the Letters to mean that the amount stated was dynamic due to the continued accumulation of interest and/or late fees.

82. Because the Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive under 15 U.S.C. § 1692e.

83. Because the Letters are susceptible to an inaccurate reading by the least sophisticated consumer, they are deceptive under 15 U.S.C. § 1692e.

84. For these reasons, Defendant violated 15 U.S.C. § 1692e.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e and § 1692f**
**False or Misleading Representations**
**AS TO PLAINTIFF COLON**

85. Plaintiff Colon repeats and realleges the foregoing paragraphs as if fully restated herein.

86. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

7

87. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

88. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

89. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

90. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

91. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

92. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

93. The letter states "Total Fees Accrued Since Charge-Off."

94. The "Total Fees Accrued Since Charge-Off" are listed as "$0.00."

95. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

96. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

97. Although the "Total Fees Accrued Since Charge-Off" are listed as "$0.00," the letter could reasonably be read by the least sophisticated consumer to mean that there could be "Fees" added to the debt in the future.

98. The letter could reasonably be read by the least sophisticated consumer to imply that there could be "Fees" added to the debt in the future.

99. The letter falsely implies that Defendant has the right to add "Fees" to the debt.

100. Defendant has no legal basis to add "Fees" to the debt.

101. The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

102. The letter falsely implies that Defendant has the right to add a fee to the debt.

103. Defendant has no legal basis to add a fee to the debt.

104. Defendant's conduct, as described, violates § 1692e and § 1692f.

8

## CLASS ALLEGATIONS

105. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt incurred on a Rewards Mastercard credit card underwritten by Barclays Bank Delaware, where, as here, the terms and conditions of the credit card provide for continued interest and late fees, from one year before the date of this Complaint to the present.

106. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

107. Defendant regularly engages in debt collection.

108. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts incurred on a Rewards Mastercard credit cards underwritten by Barclays Bank Delaware, where, as here, the terms and conditions of the credit card provide for continued interest and late fees.

109. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

110. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

111. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

112. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiffs' costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: June 6, 2017

**BARSHAY SANDERS, PLLC**

By:   */s/ David M. Barshay*
David M. Barshay, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 112316